## APPEAL IN THE MATTER OF GUARDIANSHIP OF AN IMBECILE.

Common Pleas Court of Franklin County.

IN RE GUARDIANSHIP OF GEORGE A. KRANER, AN IMBECILE.

Decided, February 1, 1909.

*Guardian and Ward—Right of Appeal by Guardian of Imbecile—From Order Terminating the Guardianship—Sections 6407, 6203, 6023 and 6316.*

An appeal may be taken by the guardian of an imbecile in the interest of the trust from an order of the probate court, made upon application of the alleged imbecile himself, terminating the guardianship.

*Nathan Dawson* and *J. F. Hays,* for George A. Kraner.

*J. C. Nicholson,* for Chas. E. Kraner, guardian.

KINKEAD, J.

This case comes into this court on appeal from an order made by the probate court terminating the guardianship.

The order was made upon application of the ward himself, after proper notice to the guardian and upon full hearing, the probate court finding that the applicant, George A. Kraner, was not an idiot, imbecile or lunatic, and that he was fully capable of taking care of and preserving his property.

The appeal from this order and judgment is taken by Charles E. Kraner, the guardian, the question presented for decision by this court being whether an appeal can be taken in such case, and therefore, whether this court has jurisdiction to entertain this appeal. This question depends entirely upon whether an appeal in such a case is authorized under Section 6407 or 6203.

The proceedings were had under Section 6316, Revised Statutes, which empowers the probate judge to terminate the guardianship of an idiot, imbecile or lunatic, whenever the person of whom a guardian has been appointed, is restored to reason, or when the letters of guardianship have been improperly issued.

In the portion of the statutes relating exclusively to guardianship of imbeciles, idiots and lunatics, there is no special statute regulating appeals from orders and judgments made in respect to such matters, so that whether an appeal is justified in the present case must depend upon either Section 6203 or 6407.

There is a marked difference and purpose between these two provisions.

Section 6203 was originally a part of the act of April 17, 1857 (1 S. & C., 619), now comprising Sections 6195-6203, which was an act furnishing a complete and adequate provision whereby next of kin recover their distributive shares of the estate, concurrent jurisdiction over such matters being conferred upon the common pleas and probate courts.

The act of April 17th, 1857, of which the present Section 6023 was a constituent part, pertained to two general topics or subjects, relating to the settlement of decedent's estates, viz.: 1, enforcement of order of distribution; and 2, creation of power or authority upon executors, administrators, guardians or other trustees to maintain a civil action in the court of common pleas against the creditors, legatees, distributees or other parties, asking the direction or judgment of the court in any matter respecting the estate, etc., and the rights of the parties in interest as was formerly entertained in courts of chancery.

Section 6023, being a part of this act, undertook to provide for appeals from any final order, judgment or decree of the probate court to the common pleas court, by any person against whom any such order or judgment may be made, "*in the same manner as is provided for appeals from the probate court to the common pleas court in other cases.*"

This is conclusive evidence of a legislative purpose to provide for appeals in the class of cases coming within the act of April 17th, 1857, in the matter of enforcement of orders of distribution.

The same act providing a mode of procedure for obtaining the direction and judgment of the court in any matter respecting the trust, estate or property, it necessarily had to be provided, as appears by the section, for appeals also to be allowed from any

order or judgment of the common pleas to the court next higher than the common pleas, then the district court, now the circuit court, in proceedings relating to the enforcement of orders of distribution, etc., the common pleas court having concurrent jurisdiction in matters of enforcement of distribution provided in that act, and exclusive jurisdiction in proceedings asking the direction and judgment of the court in matters respecting the estate, etc.

The purpose of the act of April 17th, 1857 (now Sections 6195-6203 inc.), being explained, and comparing the same with Section 6407, it will be observed that the latter section is found among the general provisions pertaining to probate courts and the procedure therein, and that it was passed April 12, 1871 (68 O. L., 57), which provided for appeals to the common pleas in cases in addition to those specially provided for.

As Section 6203 specially provides for the cases as above shown, it seems entirely clear that it can not apply to a final order or judgment made by the probate court by virtue of the power conferred by Section 6316, in proceedings for the termination of guardianship over idiots, imbeciles or lunatics.

*Ebersole* v. *Schiller*, 50 O. S., 701, is by analogy authority for such a conclusion, the appeal in that case being prosecuted from an order of the probate court refusing to remove an administrator. Guided by this decision in arriving at the purpose of construction of Section 6203, and construing it in connection with Sections 6195-6203 inc., the conclusion is that the present case does not come within the provisions of Section 6203, although its language is general in its nature, and the section standing alone would justify this appeal.

Therefore, reliance must be had upon Section 6407 to justify this appeal.

This section, as it now stands, provides that appeals may be taken to the court of common pleas from an order of the probate court removing or refusing to remove a guardian, "and in proceedings to appoint guardians for lunatics, idiots, etc., by any person against whom such order, decision, or decree shall be made, or who may be affected thereby."

*Hiett* v. *Nebergall*, 45 O. S., 702, is cited as an authority for the appeal in the case at bar, the question there being whether an appeal will lie from an order of a probate court overruling a motion of an imbecile ward to terminate the guardianship, upon the grounds that letters were in the first instance improperly issued, and that, if he was an imbecile at the time the letters were issued, he has since been fully restored to reason. The motion was made by the alleged imbecile himself to terminate the guardianship, which was overruled, and an appeal taken by him, which was sustained by the Supreme Court.

It is urged against the appeal here that there is a distinction between a proceeding under Section 6316, which is characterized as one to terminate the guardianship and one to remove a guardian where the guardianship continues. In the proceeding to terminate the guardianship over an imbecile, the sole question for determination is whether the ward was properly declared to be an imbecile at the time the appointment was made, or whether since the making of the appointment he has been restored to reason. The order of termination *ipso facto* disposes of the guardian, but it is not an order removing a guardian in the same sense that is an order made by the probate court removing a guardian of a minor ward. In the latter case the question is one of qualification of the guardian, while in the former it is one of the capacity of the ward.

The present proceeding is, therefore, not a proceeding of the character contemplated by the amendment of Section 6407 (95 O. L., 406), May 6th, 1902, when it was provided that appeals may be taken "from an order removing or refusing to remove an executor, administrator, guardian." This amendment was made to provide for the remedy denied in *Ebersole* v. *Schiller*, 50 O. S., 701.

When *Hiett* v. *Nebergall*, 45 O. S., 702, was decided the above quoted provision authorizing appeals from orders of removals or of refusals to remove, was not in the section, so that that decision sustaining the appeal of the imbecile ward in that case was based upon that part of Section 6407 providing for appeals:

"In proceedings to appoint guardians * * * for lunatics, idiots, imbeciles, * * * *by any person against whom such*

*order, decision or decree shall be made, or who may be affected thereby.''*

In *Heitt* v. *Nebergall,* the order having been made against the alleged imbecile ward, he clearly had the right of appeal. This demonstrates that that decision does not furnish a precedent for the present case.

The guardian, as appears from the record, prosecutes the appeal in his fiduciary capacity, although he gives a bond which is not required of him by Section 6408. It is apparent from the record that the guardian is in fact a son of the imbecile, and that there are other next of kin interested in the estate. For purpose of determining the proper construction of the statute it may be supposed that a controversy may arise between parties interested in the estate, that the estate of the imbecile is about to be squandered, or that it is necessary to prosecute actions for the protection of rights of property. One set of contestants interested in the estate in a different way from another, may influence the alleged imbecile to ask to have the guardianship terminated, and the probate court may erroneously put an end to the guardianship. If no appeal can be taken by anyone interested in the estate or on behalf thereof, it might result in serious loss, affecting not only the ward's interests, but his heirs as well.

An erroneous judgment even upon application of the ward, terminating the guardianship, is an order against the guardian in his fiduciary capacity representing all parties in interest. A guardian in his fiduciary capacity is affected by the order of termination, and in the interest of the estate for the protection of the estate of the imbecile, as well as for those who may be dependent upon or interested in the estate, should have a right to appeal.

For these reasons the appeal is sustained and the motion to dismiss is overruled.